WRIGHT, FINLAY & ZAK, LLP
T. Robert Finlay, Esq., SBN 167280
Michael J. Gilligan, Esq., SBN 115658
Brian P. Stewart, Esq. SBN 147718
4665 MacArthur Court, Suite 280
Newport Beach, CA 92660
Tel: (949) 477-5050; Fax: (949) 608-9142
mgilligan@wrightlegal.net;bstewart@wrightlegal.net

Attorney for Plaintiff,
FEDERAL NATIONAL MORTGAGE ASSOCIATION

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION<br><br>Plaintiff,<br>vs.<br><br>ANA ALVAREZ; DAVID ALAN BOUCHER; FRANCISCO GRANADENO; QUALITY SERVICE ESCROW; MIDLAND FUNDING, LLC; LLOYD DE PASS; ELAINE DE PASS; RHONDA DE PASS BROOKS; CHARLES BROOKS; PROVIDENT TITLE COMPANY; CRESTWOOD ESCROW SERVICES; and DOES 1 through 25, inclusive, and DOES 1-10 inclusive,<br><br>Defendants. | Case No.: 13-CV-06682-PA-FFM<br><br>**NOTICE OF OPPOSITION AND OPPOSITION TO THE ORDER TO SHOW CAUSE RE DISMISSAL FOR LACK OF PROSECUTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[*FRCP 4(M)*]<br><br>*[Declaration of Michael J. Gilligan filed concurrently herewith]* |

1

NOTICE OF OPPOSITION AND OPPOSITION TO THE ORDER TO SHOW CAUSE RE DISMISSAL FOR LACK OF PROSECUTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** Plaintiff, FEDERAL NATIONAL MORTGAGE ASSOCIATION ("Fannie Mae") hereby files its Opposition to the Order to Show Cause re Dismissal for Failure to Prosecute in this matter.

This Motion is made pursuant to *FRCP* Rule 4(m), and based upon the fact that, Plaintiff is attempting to complete a global settlement.

This opposition this Notice of Opposition and Opposition, the Memorandum of Points and Authorities and Declaration of Michael J. Gilligan in support thereof, the complete files and records in this action, the oral argument of counsel and upon such other and further evidence as this Court might deem proper. This motion is made in response to the Order to Show Cause issued by this Court on January 17, 2014.

                              WRIGHT, FINLAY & ZAK, LLP

Dated: January 31, 2014      By:  */s/ Michael J. Gilligan*
                                                T. Robert Finlay, Esq.
                                                Michael J. Gilligan, Esq.
                                                Brian P. Stewart, Esq.
                                                Attorneys for Plaintiff,
                                                FEDERAL NATIONAL MORTGAGE ASSOCIATION

**NOTICE OF OPPOSITION AND OPPOSITION TO THE ORDER TO SHOW CAUSE RE DISMISSAL FOR LACK OF PROSECUTION**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Introduction.

This is an action for quiet title and to cancel certain instruments that were fraudulently recorded and for damages for slander of title. Plaintiff is the owner in fee simple absolute of the real property commonly known as 1136 W. 77th St., Los Angeles, California 90044 (hereinafter referred to as "Subject Property") by virtue of a Quitclaim Deed from JPMorgan Chase Bank, N. A. (hereinafter "Chase") recorded July 9, 2012, as Instrument No. 20121007417 of the Official Records of Los Angeles County.

After Plaintiff acquired title to the Subject Property, David Alan Boucher and Ana Alvarez without any right whatsoever, recorded a Deed purportedly from Chase to Ana Alvarez, a married woman as her sole and separate property, dated June 20, 2012, recorded July 27, 2012, as Instrument No. 20121115239 of the Official Records of Los Angeles County, California (hereinafter referred to as the "Forged Deed"). This deed was signed by David Alan Boucher as "authorized representative" of Chase. David Alan Boucher is not now, nor has he ever been an employee or authorized representative of Chase.[1]

Subsequently, Ana Alvarez further encumbered the Subject Property by executing and delivering a Deed of Trust on May 17, 2013, to Defendant Francisco Granadeno, as beneficiary, and Quality Service Escrow, as Trustee, to secure a $10,000.00 debt (the "Granadeno Deed of Trust"). The Granadeno Deed of Trust was recorded on May 23, 2013, as Instrument no. 20130777658 of the Official Records of Los Angeles County, California. Additionally, several Judgment liens in Ana Alvarez' name have attached to the Subject Property.

Plaintiff's counsel has negotiated a global settlement with all of the named Defendants, except MIDLAND FUNDING, LLC. (hereinafter "Midland"). Midland is one of the Judgment Creditors and has an Abstract of Judgment recorded against the

---

[1] Of note, Defendant Boucher is currently facing sixty-three (63) felony counts of forgery, fraudulent recording of documents, and unauthorized use of identifying information, including the use of the name Federal National Mortgage Association and other lenders (San Bernardino Superior Court, Criminal Case No. FSB1203845.

Subject Property. Midland has stated that it will agree to release its lien upon receiving proof of the criminal charges against David Alan Boucher. Although proof of the charges has been forwarded to Midlands counsel they have not yet agreed to release their lien. If Midland does not agree to release its lien then Plaintiff will need to move forward with this action to clean title.

It would be a waste of judicial resources to require this matter to move forward if Midland is going to agree to the global settlement. If they are not going to agree, Plaintiff's counsel is in contact with all of the parties and can have them served quickly if necessary.

## II. Good Cause Exists to Grant the Plaintiff Additional Time in Which To Serve The Complaint.

> "If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under."

Federal Rule of Civil Procedure, Rule 4(m)

Plaintiff submits that good cause exists for the court to extend the time for service for two (2) months to March 31, 2014, at which time Plaintiff will either complete the settlement and dismiss the complaint or have the parties served and proceed with the litigation.

///
///
///
///
///
///
///

4

NOTICE OF OPPOSITION AND OPPOSITION TO THE ORDER TO SHOW
CAUSE RE DISMISSAL FOR LACK OF PROSECUTION

### III. CONCLUSION

For the foregoing reasons, and in the interests of justice, Fannie Mae respectfully request that this court grant this motion, and extend the time for service of the Complaint for two (2) months to March 31, 2014.

WRIGHT, FINLAY & ZAK, LLP

Dated: January 31, 2014      By:   /s/ Michael J. Gilligan
                                   T. Robert Finlay, Esq.
                                   Michael J. Gilligan, Esq.
                                   Brian P. Stewart, Esq.
                                   Attorneys for Plaintiff,
                                   FEDERAL NATIONAL MORTGAGE
                                   ASSOCIATION

**NOTICE OF OPPOSITION AND OPPOSITION TO THE ORDER TO SHOW CAUSE RE DISMISSAL FOR LACK OF PROSECUTION**